FILED
2016 DEC 16 AM 10: 19
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) | |
| | ) | CASE NO. 5:16CR393 |
| v. | ) | JUDGE JUDGE PEARSON |
| | ) | |
| JEFFREY DEWEES, | ) | Title 18, Section 1343, United States Code |
| Defendant. | ) | MAG. JUDGE BURKE |

The United States Attorney charges:

<u>General Allegations</u>

At all times material to this Information:

1. Defendant JEFFREY DEWEES was a resident of Brewster, Ohio, which was located in the Northern District of Ohio. DEWEES owned an accounting business known as JJS Tax & Financial Services ("JJS Tax").

2. Between 2009 and November 2015, DEWEES was also employed as the Controller of a flooring business known as Olde Wood Limited ("Olde Wood"), which was owned by a third party and located in the Northern District of Ohio. As Controller, DEWEES had complete access to all of Olde Wood's bank accounts, and was responsible on a daily basis for all financial matters at Olde Wood, including payroll, accounts receivable and payable, and tax issues.

1

3. Olde Wood maintained bank accounts at, among other banks, U.S. Bank National Association ("U.S. Bank") and Fifth Third Bank.

4. U.S. Bank was headquartered in Minneapolis, Minnesota, and had branch offices located in the Northern District of Ohio and elsewhere. Any time money was transferred via wire from an account at U.S. Bank, including accounts opened at U.S. Bank branch offices located in Ohio, to an account at another financial institution, information was transmitted by means of wire communication from the other financial institution to U.S. Bank in Minneapolis, Minnesota.

The Scheme to Defraud

5. From on or about November 7, 2012, and continuing through on or about October 30, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JEFFREY DEWEES devised and intended to devise a scheme and artifice to defraud and obtain money and property from Olde Wood by means of false and fraudulent pretenses, representations, and promises, which money and property Defendant then used to enrich himself and make personal expenditures.

6. It was part of the scheme and artifice to defraud that Defendant used Olde Wood's computerized accounting system to wire funds from Olde Wood's bank accounts directly to Defendant and to JJS Tax to which neither Defendant nor JJS Tax were entitled. After the money had been transferred to Defendant's bank accounts, Defendant either (a) voided the transaction entries in Old Wood's accounting system and substituted fake entries using similar dollar amounts that falsely reflected purchases of inventory, when, in truth and in fact, no inventory had been purchased or received; or (b) substituted the name of another vendor, who had not actually received payment, into the accounting transaction entry.

7. It was further part of the scheme and artifice to defraud that Defendant fraudulently used credit card accounts maintained by Olde Wood to pay for Defendant's personal expenses, and then further caused Olde Wood to pay the associated credit card bills, without reimbursement by Defendant.

8. It was further part of the scheme and artifice to defraud that Defendant fraudulently caused Olde Wood's bank accounts to pay for Defendant's personal expenses directly via online and telephone transfers of funds. Defendant falsely recorded such payments in Old Wood's accounting system as supply or vehicle expenses to Olde Wood vendors that, in truth and in fact, had not been paid.

9. It was further part of the scheme and artifice to defraud that Defendant fraudulently issued hard copy checks to himself and to JJS Tax, which Defendant falsely recorded as checks to other vendors in Olde Wood's accounting software entries.

### The Use of Interstate Wire Communications

10. On numerous occasions from on or about November 7, 2012, and continuing through on or about October 30, 2015, Defendant JEFFREY DEWEES, for the purpose of executing the scheme and artifice to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: Defendant caused money to be transferred from Olde Wood's bank accounts at U.S. Bank and Fifth Third Bank to bank accounts that Defendant controlled and to otherwise make payments benefiting Defendant, through transactions that crossed state lines and, in particular, entered the Northern District of Ohio ("NDOH"), including the following:

| Date of Wire Transfer | Approximate Payment Amount | Transferring Bank and Location | Recipient / Account Location |
|---|---|---|---|
| 11/14/13 | $6,812.90 | U.S. Bank, Minnesota (Olde Wood account) | PNC Bank, Pennsylvania (JJS account, accessed by Defendant in NDOH) |
| 12/11/13 | $6,987.13 | U.S. Bank, Minnesota (Olde Wood account) | PNC Bank, Pennsylvania (JJS account, accessed by Defendant in NDOH) |
| 12/24/13 | $5,518.17 | U.S. Bank, Minnesota (Olde Wood account) | PNC Bank, Pennsylvania (JJS account, accessed by Defendant in NDOH) |
| 10/3/14 | $9243.42 | U.S. Bank, Minnesota (Olde Wood account) | First Merit Bank, Akron, Ohio (Defendant's personal account) |
| 6/25/15 | $14,450.00 | U.S. Bank, Minnesota (Olde Wood account) | First Merit Bank, Akron, Ohio (Defendant's personal account) |
| 10/22/15 | $4,248.76 | U.S. Bank, Minnesota (Olde Wood account) | First Merit Bank, Akron, Ohio (Defendant's personal account) |

Effect of the Scheme

11. As a result of Defendant's fraudulent scheme and conduct, Olde Wood sustained a loss of at least $404,054.02.

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE

The United States Attorney further charges:

12. For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the allegations of Count 1 are incorporated herein by reference. As a result of the foregoing offense, defendant JEFFREY DEWEES shall forfeit to the United States any property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of the charge set forth herein, including, but not limited to, the following property:

    a. a money judgment in the amount of $404,054.02 reduced by the net equity of the following properties (set forth in paragraphs 12.b. through 12.e. herein);

    b. Real property located at 1400 2nd Street W Ext., Brewster, Ohio 44613, PPN: 7001383, titled to Barbara A. Smith;

    c. 2012 Ford F150 Pickup XLT, VIN: 1FTNF1EF9CKE17004, titled to Jeffery A. Dewees;

    d. 2012 Ford F150 Pickup Crew Cab XLT, VIN: 1FTFW1ET9CKE16946, titled to Jeffrey A. Dewees; and,

    e. 2007 Discovery by Fleetwood 40' Motor home, VIN: 4UZACJDC17CY67949, titled to Jeffrey A. Dewees.

13. If, as a result of any act or omission Defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

    CAROLE S. RENDON
    United States Attorney

    */s/ Robert E. Bulford*
    Robert E. Bulford, Attorney in Charge
    Akron Branch Office, USAO-NDOH